| | |
|---|---|
| **WO** | SC |

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Leonard Guzman, | No. CV 07-0296-PHX-SMM (JRI) |
| Petitioner, | **ORDER** |
| vs. | |
| Dora Schriro, et al., | |
| Respondents. | |

Petitioner Leonard Guzman, who is confined in the Arizona State Prison Complex, Eyman-SMUI, in Florence, Arizona, has filed a *pro se* Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. (Doc.# 1.)[1] He has paid the $5.00 filing fee. The Court will require an answer to the Petition.

**I.      Petition**

Petitioner pleaded guilty to sexual assault with a prior felony conviction in Maricopa County Superior Court, CR 1999-091712, and was sentenced to 10.5 years imprisonment on

---

[1] "Doc.#" refers to the docket number of documents filed in this action.

June 15, 2000.[2] (Doc.# 1 at 1.) The Superior Court denied Petitioner's petition for post-conviction relief on May 21, 2003.[3] (Id. at 2.) The Arizona Court of Appeals and the Arizona Supreme Court, respectively, denied petitions for review on June 17, 2005, No. 1 CA-CR 04-0136 PRPC, and February 13, 2006, CR-05-0396-PR. (Id.)

Petitioner names Arizona Department of Corrections Director Dora Schriro and Arizona Attorney General Terry Goddard as Respondents. Petitioner raises four grounds for relief. First, he contends that his plea was unlawfully induced and was not voluntarily and knowingly made. Second, he alleges that he was indicted by an improperly constituted grand jury. Third, he alleges he received ineffective assistance of counsel based on his attorney's failure to move to suppress a confession and to make objections at a hearing. Lastly, he alleges that sentencing enhancement based on his prior conviction violated his double jeopardy rights.

It is unclear whether Petitioner has exhausted his claims. Even assuming that the exhaustion requirement has not been met, it appears that any unexhausted claim may be procedurally barred. In light of the possibility of procedural bar, a summary dismissal would be inappropriate. See Castille v. Peoples, 489 U.S. 346, 351-52 (1989) (remanding where petitioner failed to exhaust claims and it was not clear whether the claims were procedurally barred). Accordingly, an answer is required. 28 U.S.C. § 2254(a).

## II. Warnings

### A. Address Changes

Petitioner must file and serve a notice of a change of address in accordance with Rule 83.3(d) of the Local Rules of Civil Procedure. Petitioner must not include a motion for other

---

[2] Petitioner also pleaded guilty to attempted conspiracy to commit first degree murder with one prior felony conviction in a companion case, CR 99-094153, for which he was sentenced to 9.25 years to run consecutive to his sentence for the conviction at issue in this action.

[3] The court consolidated Petitioner's state post-conviction proceedings in CR 1999-091712 and CR 1999-094153 pursuant to Petitioner's request. (Doc.# 1 at 7.)

1 relief with a notice of change of address. Failure to comply may result in dismissal of this
2 action.

### B. Copies

Petitioner must serve Respondents, or counsel if an appearance has been entered, a copy of every document that he files. Fed. R. Civ. P. 5(a). Each filing must include a certificate stating that a copy of the filing was served. Fed. R. Civ. P. 5(d). Also, Petitioner must submit an additional copy of every filing for use by the Court. LRCiv 5.4. Failure to comply may result in the filing being stricken without further notice to Petitioner.

### C. Possible Dismissal

If Petitioner fails to timely comply with every provision of this Order, including these warnings, the Court may dismiss this action without further notice. See Ferdik v. Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (a district court may dismiss an action for failure to comply with any order of the Court).

**IT IS ORDERED:**

(1) The Clerk of Court must serve a copy of the Petition (doc.# 1) and this Order on the Respondent and the Attorney General of the State of Arizona by certified mail pursuant to Rule 4, Rules Governing Section 2254 Cases.

(2) Respondents must answer the Petition within 40 days of the date of service. Respondents must not file a dispositive motion in place of an answer but may file an answer limited to relevant affirmative defenses, including but not limited to, statute of limitations, procedural bar, or non-retroactivity. If the answer is limited to affirmative defenses, only those portions of the record relevant to those defenses need be attached to the answer. Failure to set forth an affirmative defense in an answer may be treated as a waiver of the defense. Day v. McDonough, 126 S. Ct. 1675, 1684 (2006). If not limited to affirmative defenses, the answer must fully comply with all of the requirements of Rule 5 of the Rules Governing Section 2254 Cases.

(3) Petitioner may file a reply within 30 days from the date of service of the answer.

(4) This matter is referred to Magistrate Judge Jay R. Irwin pursuant to Rules 72.1 and 72.2 of the Local Rules of Civil Procedure for further proceedings and a report and recommendation.

DATED this 22nd day of February, 2007.

_____
Stephen M. McNamee
United States District Judge